### FOR THE

## COUNTY OF WASHINGTON.

### MARCH TERM, 1846.

---

PRESENT,

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
Hon. DANIEL KELLOGG.

---

## HENRY Y. BARNES v. HORATIO N. BAYLIES.

The county of W. being about to erect a court house, the plaintiff, being interested in having it located in a particular place, signed a subscription paper, promising to pay the sum affixed to his name "for land sufficient to set the court house upon" at that spot, provided it was located there. The defendant, who was the owner of the land, thereupon executed a deed to the county of the land specified, reserving a reversionary interest in the land, in case the county should at any time cease to occupy it for the court house. After this deed was executed and recorded, the plaintiff paid the amount of his subscription. The court house was accordingly erected, and was consumed by fire two years afterwards, and the county then determined, that they would not rebuild the court house on that place, unless they could have the remainder of the lot, free of expense to the county; and it was

Barnes v. Baylies.

accordingly purchased of the defendant at a price equal to what the whole value of the lot was previous to the first purchase. And it was held, that these facts did not entitle the plaintiff to sustain assumpsit for money had and received against the defendant, to recover back the amount of his subscription.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by jury,—REDFIELD, J., presiding.

On trial the plaintiff gave in evidence a subscription paper, signed by himself, by which he promised to pay the sum of three hundred dollars to the defendant " for land sufficient to set " a court house upon for the county of Washington, provided the court house was located in a particular place specified; and in reference to this the facts were agreed to be as follows.

At the time of the subscription the county of Washington had raised a tax, and a committee had been appointed to locate and build a court house. The plaintiff had an interest in having the court house located on land belonging to the defendant, on account of owning a public house near that place, and the subscription above mentioned was raised for the purpose of purchasing that spot. The subscription paper bore date January 4, 1842; and the next day the defendant executed a deed, satisfactory to the locating committee, of the site for the house, inserting therein a clause, that the land should revert to him, whenever the county should voluntarily cease to occupy it as a site for a court house. The plaintiff paid the amount of his subscription on the eighth day of September, 1842; and it did not appear, that he had any knowledge of the terms of the defendant's deed to the county, except so as far notice to him was to be inferred from the fact that the deed was duly recorded. In about two years after the date of the defendant's deed the court house, which had been erected on the site conveyed, was consumed by fire; and it was then determined by the county judges, that they would abandon that site, unless the entire lot could be procured, without expense to the county. Another subscription was therefore raised, and the entire lot was purchased; but the defendant was enabled to demand, for this second purchase, a sum equal to what was the value of the entire lot at the time of the first purchase,—knowing that, if the inhabitants of the village did not procure the remainder of the lot, that which he had sold would probably revert to him.

The court instructed the jury, that the plaintiff was not entitled to recover, even though they should find, that the defendant sold the remainder of the lot, after the first purchase, for as much as the whole lot was worth, so as in fact to have received pay again for what he had once sold, in consequence of the burning down of the court house and the change of opinion of the locating committee,— events not anticipated by any one at the time the deed was executed, and which the defendant had no agency in bringing about.

Verdict for defendant. Exceptions by plaintiff.

*O. H. Smith* and *A. Spaulding* for plaintiff.

1. We insist, that there was not a performance of the contract on the part of the defendant, and that he could have maintained no action whatever against the plaintiff, had he refused to pay the money. The defendant was to convey the land ; a conveyance of a less estate would not be a performance on his part, to entitle him to payment.

2. We insist, farther, that the agents of the county were not the agents of the plaintiff, to change the contract between the plaintiff and the defendant. Had the defendant conveyed the land, as it was his duty to do in performance of the contract, and the site of the court house had been subsequently changed by the county, the plaintiff might, in conjunction with the other signers of the subscription paper, have compelled the county to convey the ground to them, on account of the failure of the consideration. Chit. on Cont. 62. 17 Mass. 380.

3. We insist, that the money was paid by the plaintiff under a mistake as to the facts in the case, and that the defendant has no claim in conscience to retain it.

*L. B. Peck* for defendant.

1. The object contemplated by the subscription was to procure the defendant's land free of expense to the county, so as to induce a location of the court house at that place. This object was effected and the plaintiff's wishes accomplished. The deed conveyed the land to the county during such time as the county should continue their court house thereon. Thus the object for which the plaintiff contributed his money was brought about, and the condition, upon which he subscribed, performed.

Barnes *v.* Baylies.

2.  The defendant gave such a deed as was satisfactory to the county, and farther than this he was not bound to go.  It does not appear, but what it was satisfactory at the time to the plaintiff himself.  He should have looked to the matter before he paid his money.

3.  The destruction of the property by fire and the subsequent transactions in relation to the location of the present building cannot affect the case.  These are matters for which the defendant is not responsible, and which were not contemplated by the parties.

4.  The payment by the plaintiff was *voluntary*.

The opinion of the court was delivered by

REDFIELD, J.  It is not contended, that this money was received by the defendant, under any expectation, either on his part, or that of the plaintiff, that it would ever be paid back; but it is claimed, that, in consequence of the happening of subsequent events, it would now be against good faith for the plaintiff to retain it.  But we do not perceive, that the money was paid under any mistake, or ignorance of the facts, unless it be such ignorance, as is attributable to the neglect of the plaintiff.  The subscription paper was dated the fourth of January, 1842; the deed was executed and recorded the next day; and the money was paid by the plaintiff as late as the September after; so that he had, at the time of the payment, full knowledge of all the facts, and, by the payment, must be supposed to have acknowledged, that the contract was fully performed on the part of the defendant.  So that there is no ground for urging, that the plaintiff has been deceived, or that there has been any failure of the consideration.

The condition of the subscription was, that the defendant should give to the committee land enough to set the court house upon, and that the committee should set the court house upon it.  It was referred wholly to the committee, to determine what extent of land, or what title, to require.  The plaintiff's object was to get the court house located there, and he did not care how small the piece of land might be, which the committee would accept, or how imperfect a title they had, if it would only enable them to use it for that purpose.  The reversionary interest of the defendant would not interfere with the plaintiff's interest, or wishes, but might advance both.  It is not true, probably, that, if the deed had been an absolute deed, it

would have been any more certain to have retained the court house upon the land. Possibly it might have been less likely to have effected that. But the land, in the event of a change in the location, would have passed to the county, instead of reverting to the defendant; and it is indifferent to the plaintiff, which course the matter took.

The only matters, which operated for the defendant's advantage and the plaintiff's loss, were merely fortuitous, and in no sense implicated the defendant in a fraud, nor show a failure in the consideration of the subscription, nor any such mistake on the part of the plaintiff, as will enable him to recover back his money.

Judgment affirmed.